UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OZARK CONVENIENCE MART, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV1943 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the Government's Motion for Summary Judgment [#15]. The United States Department of Agriculture ("USDA") suspended the Ozark Convenience Mart, Inc.'s, ("Ozark") Food Stamp Program permit for three years after Ozark sold tins of smokeless tobacco and other non-food items to investigators in exchange for food stamps. Ozark does not deny that it sold non-food items in exchange for food stamps, but it argues that the three-year suspension is an arbitrary and capricious penalty. The Government is not entitled to judgment as a matter of law, and I will deny the motion.

## STANDARD

In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . ." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court

of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

> The Food Stamp Act provides that issues of fact are to be tried de novo in the district court, which is to "determine the validity of the questioned administrative action in issue." 7 U.S.C. § 2023(a). The Act's de novo review provides a wider scope of review than the "substantial evidence" standard found in the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). As a result, the district court must reach its own factual and legal conclusions based on the preponderance of the evidence, and should not limit its consideration to matters previously appraised in the administrative proceedings. The [United States Food and Nutrition Service] Guidelines, while helpful in interpreting the law and regulations, are not binding on the court in making its de novo review.

Sims v. United States Dep't of Agric. Food & Nutrition Serv., 860 F.2d 858, 862-863 (8th Cir. 1988) (some internal citations and quotations omitted).

## DISCUSSION

It is undisputed that Ozark sold various non-food items to USDA investigators on several occasions. Specifically, on four occasions, Ozark sold items such as relockable storage bags, kitchen bags, plastic spoons, coffee filters, and charcoal lighter fluid to investigators. On three separate occasions, Ozark sold three tins of smokeless tobacco to investigators. On one occasion,

Ozark refused to sell non-food items to investigators.

Seven U.S.C. § 2021 governs the disqualification of food stamp permits. That section provides:

> (a) Disqualification or civil penalty. Any approved retail food store or wholesale food concern may be disqualified for a specified period of time from further participation in the food stamp program, or subjected to a civil money penalty of up to $ 10,000 for each violation if the Secretary determines that its disqualification would cause hardship to food stamp households, on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this Act or the regulations issued pursuant to this Act. Regulations issued pursuant to this Act shall provide criteria for the finding of a violation and the suspension or disqualification of a retail food store or wholesale food concern on the basis of evidence that may include facts established through on-site investigations, inconsistent redemption data, or evidence obtained through a transaction report under an electronic benefit transfer system.
>
> (b) Period of disqualification. Disqualification under subsection (a) shall be--
>
> (1) for a reasonable period of time, of no less than six months nor more than five years, upon the first occasion of disqualification . . .

According to the applicable regulations, the period of disqualification is to be determined on the basis of a number of factors. A firm may be disqualified for five years if it had been previously warned by the USDA and "[i]t is the firm's practice to sell expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages in exchange for food coupons . . ." 7 C.F.R. § 278.6(e)(2). A firm may be disqualified for three years if it received no prior warnings and "[i]t is the firm's practice to sell expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages in exchange for food coupons . . ." 7 C.F.R. § 278.6(e)(3). A firm may be disqualified for one year if "it is to be the first disqualification for the firm and the ownership or management personnel of the firm have committed violations such as the sale of common nonfood items in amounts normally found in a shopping basket" and the firm had not

previously been warned. 7 C.F.R. § 278.6(e)(4). Finally, a firm may be disqualified for six months if "it is to be the first disqualification for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management." 7 C.F.R. § 278.6(e)(5).

In this case, the United States Food and Nutrition Service did not issue a warning letter to Ozark. As a result, the three year disqualification would only be appropriate if I find that "[i]t is the firm's practice to sell expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages in exchange for food coupons . . ." 7 C.F.R. § 278.6(e)(2).

The Government contends that "the regulations mandate a five year disqualification if the store has a practice of selling expensive and conspicuous nonfood items, such as multiple tins of smokeless tobacco." The Government's argument fails because it relies on a misinterpretation of the regulation.

The regulation is framed in the disjunctive. It states that a five or three year disqualification is appropriate if the firm's practice is to sell "expensive or conspicuous nonfood items, cartons of cigarettes, *or* alcoholic beverages in exchange for food coupons." 7 C.F.R. § 278.6(e)(2)(I) (emphasis added). Read in the disjunctive, it appears that the drafters of the regulation intended for cartons of cigarettes and alcoholic beverages to be distinct from "expensive or conspicuous nonfood items." It follows that if a carton of cigarettes is not an expensive or conspicuous non-food item, then three tins of smokeless tobacco do not qualify as expensive or conspicuous non-food items. Nor are three tins of smokeless tobacco equivalent to a carton of cigarettes, which totals ten packs.

The Government's position is, essentially, that any sale of tobacco qualifies a firm for a three or five year disqualification under 7 C.F.R. § 278.6. However, if the drafters of the regulation intended that result, they could have written the regulation to say just that. They did not. As a result, the Government's position is incorrect, and it is not entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Summary Judgment [#15] is **DENIED**.

Dated this 31st day of January, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE