UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OZARK CONVENIENCE MART, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV1943 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the parties' application for judgment pursuant to 7 U.S.C. § 2023(a)(16). The United States Department of Agriculture ("USDA") Food and Nutrition Service ("FNS") disqualified the Ozark Convenience Mart, Inc., ("Ozark") from the Food Stamp Program for three years after Ozark exchanged tins of smokeless tobacco and other non-food items to investigators for food stamps. Ozark does not deny that it exchanged non-food items for food stamps, but it argues that the three-year disqualification is an arbitrary and capricious penalty. Ozark contends that the applicable statutes and regulations give rise to a six-month disqualification of its permit.

I am required to conduct a de novo review of the FNS's factual findings and conclusions of law. 7 U.S.C. § 2023(a)(15). For the reasons stated below, I will vacate the three-year disqualification, and I will order a six-month disqualification of Ozark's Food Stamp Program Permit.

### BACKGROUND

Ozark submitted a Food Stamp Program Application for Stores to the FNS on September 29, 2004. In conjunction with its application to the Food Stamp Program, Ozark consented to

allowing photographs and observations to be made of Ozark by employees of the FNS to ensure compliance with FNS rules.  On December 21, 2004, the FNS sent a letter to Ozark notifying it that its application to the Food Stamp Program had been approved.  Included with the letter was a book titled "Training Guide for Retailers."  The guide warned Ozark that it could be disqualified from the Food Stamp Program if it were to sell ineligible items.  The guide specifically warned that the "sale of cigarettes, tobacco, alcohol, or expensive non food items may result in a 3-5 year disqualification period or equivalent money penalty."

In February through April 2005 the FNS conducted an investigation of Ozark's practices relating to the sale of non-food items in exchange for food stamps.  Ozark sold various non-food items to FNS investigators on several occasions in exchange for food stamps.  Specifically, on four occasions, Ozark sold items such as relockable storage bags, kitchen bags, plastic spoons, coffee filters, and charcoal lighter fluid to investigators.  On three separate occasions, Ozark sold three tins of smokeless tobacco to investigators.  On one occasion, Ozark refused to sell non-food items to investigators.

Subsequent to the investigation, the FNS determined that Ozark's Food Stamp Program Permit should be disqualified for three years based on Ozark's practice of exchanging food stamps for tins of smokeless tobacco.

Ozark filed the present action under 7 U.S.C. § 2023, seeking judicial review of the FNS's action and a determination that the imposition of a three-year disqualification is unwarranted under the applicable statutes and regulations.  Ozark argues that the regulations mandate a six-month disqualification of its Food Stamp Program Permit.

Ozark's disqualification began on October 23, 2005.  On filing its complaint, Ozark

requested that I enter a stay of its disqualification pursuant to 7 U.S.C. § 2023(a)(17). I denied that request on October 31, 2005. Ozark is currently disqualified from the Food Stamp Program.

**ANALYSIS**

Under the enabling statute, a store may be disqualified from the Food Stamp Program for a period of time "on a finding, made as specified in the regulations, that such store . . . has violated any of the provisions of this chapter or the regulations pursuant to this chapter. 7 U.S.C. § 2021(a). "Disqualification under subsection (a) of [§ 2021] shall be . . . for a reasonable period of time, of no less than six months nor more than five years, upon the first occasion of disqualification . . ." 7 U.S.C. § 2021(b)(1). There is no dispute that this is Ozark's first occasion of disqualification. As a result, Ozark is subject to a disqualification ranging from six months to five years.

Section 2021 further provides, "Regulations issued pursuant to this chapter shall provide criteria for the finding of a violation and the disqualification or disqualification of a retail food store . . ." 7 U.S.C. § 2021(a). The applicable regulation is 7 C.F.R. § 278.6.

The FNS is required to levy sanctions in accordance with 7 C.F.R. § 278.6(e). Id. ("FNS *shall* take action as follows . . .") (emphasis added). As a result, the FNS does not have discretion to choose between the possible sanctions, but must adhere to the structure of § 278.6, which provides specific guidelines for determining the appropriate sanction.

A store may be disqualified for six months if "it is to be the first disqualification for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management." 7 C.F.R. § 278.6(e)(5).

A store may be disqualified for one year if "it is to be the first disqualification for the firm and the ownership or management personnel of the firm have committed violations such as the sale of common nonfood items in amounts normally found in a shopping basket" and the firm had not previously been warned. 7 C.F.R. § 278.6(e)(4).

A store may be disqualified for three years if it received no prior warnings and "[i]t is the firm's practice to sell expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages in exchange for food coupons . . ." 7 C.F.R. § 278.6(e)(2)-(3). A store may also be disqualified for three years if "[i]t is the firm's practice to commit violations such as the sale of common nonfood items in amounts normally found in a shopping basket and the firm was previously advised of the possibility that violations were occurring and of the possible consequences of violating the regulations." 7 C.F.R. § 278.6(e)(3).

Finally, a store may be disqualified for five years if it had been previously warned by the FNS and "[i]t is the firm's practice to sell expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages in exchange for food coupons . . ." 7 C.F.R. § 278.6(e)(2).

In this case, the FNS did not issue a warning letter to Ozark. As a result, the three-year disqualification would only be appropriate if I find that "[i]t is the firm's practice to sell expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages in exchange for food coupons . . ." 7 C.F.R. § 278.6(e)(2)-(3).

It is the Government's position that the three-year disqualification is warranted because tins of smokeless tobacco are "expensive or conspicuous nonfood items" under § 278.6(e)(2). Under a plain reading of the statute, however, the Government's argument fails.

Section 278.6(e) provides for a three or five-year disqualification where "[i]t is the firm's

practice to sell expensive or conspicuous nonfood items, cartons of cigarettes, *or* alcoholic beverages in exchange for food coupons . . ." Read in the disjunctive, it appears that the framers of the regulations intended for cartons of cigarettes and alcoholic beverages to be distinct from expensive or conspicuous non-food items. It follows that if a carton of cigarettes is distinct from expensive or conspicuous non-food items, then tins of smokeless tobacco are also distinct from expensive or conspicuous non-food items.

According to a plain reading of the regulation, a store may be subjected to a three or five-year disqualification if it exchanges an amount of tobacco that is equivalent to or greater than a carton of cigarettes for food stamps. This reading is in agreement with the relevant case law. E.g., Maxia v. United States, 687 F.2d 276 (8th Cir. 1982) (upholding six-month disqualification where store exchanged unspecified amount of cigarettes for food stamps); Carlson v. United States, 879 F.2d 261 (7th Cir. 1989) (five-year penalty upheld where store exchanged ten or more packs of cigarettes for food stamps).

The Government has not taken the position that three tins of smokeless tobacco are equivalent to a carton of cigarettes. As a result, there is no factual basis for the three-year disqualification of Ozark's Food Stamp Program Permit.

Under § 278.6(e)(4), a one-year disqualification is appropriate if Ozark's "ownership or management personnel" were involved in the violations. Ozark contends that its owner was not involved, and the Government has not objected to Ozark's position. I do not find that the ownership or management personnel of Ozark were involved in the violations. As a result, a one-year disqualification of Ozark's Food Stamp Program Permit is not appropriate.

The evidence before me "shows that personnel of the firm have committed violations such

as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management." As a result, I find that the facts of this case show that Ozark's Food Stamp Program Permit must be disqualified in accordance with § 278.6(e)(5) for a six-month period.

For the reasons stated above, I find upon a de novo review of this case that the FNS's imposition of a three-year disqualification of Ozark's Food Stamp Program Permit was without a factual basis and was contrary to the controlling regulation. As a result, I will enter a judgment suspending Ozark's Food Stamp Program Permit for six months. Because Ozark's period of disqualification began on October 23, 2005, it shall end on April 23, 2006.

Accordingly,

**IT IS HEREBY ORDERED** that the USDA Food and Nutrition Service's disqualification of Ozark Convenience Mart, Inc's, Food Stamp Program Permit for a period of three years pursuant to 7 C.F.R. § 278.6(e)(3) is **VACATED**.

**IT IS FURTHER ORDERED** that Ozark shall be disqualified from the Food and Nutrition Service's Food Stamp Program for a six-month period pursuant to 7 C.F.R. § 278.6(e)(5). Ozark's period of disqualification from the Program shall end April 23, 2006.

Dated this 14th day of April, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE